FILED

AM 10: 28 UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
OFFICE OF THE CLERK
M. L. KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-3730

CR 06 0629

William T. Walsh
Clerk

CAMDEN OFFICE
ONE JOHN F. GERRY PLAZA
FOURTH & COOPER STREETS
CAMDEN, NJ 08101

TRENTON OFFICE
402 EAST STATE STREET
ROOM 2020
TRENTON, NJ 08608

REPLY TO: NEWARK

September 8, 2006



JSW

Re: U.S.A. -v- DAVID KAPLAN
Our Docket No. 2:96-cr-108 (1)
Your Docket No.

Dear Clerk:

A Transfer of Jurisdiction Order (Prob 22 form) has been filed with this District in the above-captioned case. This District considers the electronic record to be the original pursuant to Federal Rules of Criminal Procedure 49(d), Local Civil Rule 5.2 and paragraph 7 of the Court's Electronic Case Filing Policies and Procedures. The original records of this Court can be obtained by accessing CM/ECF through PACER. Certified copies of any document not available through PACER are enclosed . Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Sincerely,

WILLIAM T. WALSH, Clerk

By: _____ Justin T. Quinn
Deputy Clerk

RECEIPT ACKNOWLEDGED BY: _____ _____ _____ _____
DATE: ___ _____ _____.

DNJ-Crim-003(Rev. 09/06)

| PROB 22<br>(Rev. 2/88)<br>**TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)*<br>2:96CR00108-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>David Kaplan<br>5 Quail Way<br>San Anselmo, CA 94960 | DISTRICT<br>New Jersey   **0 6**<br><br>NAME OF SENTENCING JUDGE<br>John W. Bissell | DIVISION<br>**0 6 2 9**<br>**JSW** |
|---|---|---|
| | DATES OF PROBATION/<br>SUPERVISED RELEASE: | FROM<br>2/14/03 | TO<br>2/13/08 |

OFFENSE

Conspiracy to Distribue and Possess W/I to Distribute More than 1,000 Kilograms of Marijuana and Money Laundering.

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **DISTRICT OF NEW JERSEY**

 IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

*Date* Sept. 6, 2006

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF CALIFORNIA**

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

*Effective Date* 15 Sept 2006

*United States District Judge*

(Katrina Lee Jones
20 Washington Pl)

## **Instructions for Retrieving Electronic Case Files**

1. Access the CM/ECF website for the District of New Jersey at https://ecf.njd.uscourts.gov

2. Click on:    Link to Electronic Filing System (Live)

3. At the ECF/PACER Login Screen, enter your Court's PACER Login and Password

4. On the CM/ECF toolbar, choose:

- Reports
- Docket Sheet
- Enter Case Number in the following format: **[06-1234]**
- Run Report

    ‣ To view a document from the docket sheet, click on the blue "underlined" document number;

    ‣ To download, click on File, Save a Copy and save to your specific directory;

    ‣ If the document does not have an underlined document number, it is either:

        - A text only entry and no document is attached, or
        - An entry made prior to electronic case filing and the original is enclosed, or
        - The document included an attachment too large for the electronic case filing system and is enclosed.

If you have any questions, our ECF help-desk telephone numbers are as follows:

- ‣ Camden - 866-726-0726 or 856-757-5285
- ‣ Newark - 866-208-1405 or 973-645-5924
- ‣ Trenton - 866-848-6059 or 609-989-2004

CLOSED

## U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:96-cr-00108-JWB-ALL
### Internal Use Only

CR 06 0629 JSW

Case title: USA v. KAPLAN                     Date Filed: 02/22/1996

---

Assigned to: Judge John W. Bissell

### Defendant

**DAVID KAPLAN** (1)                    represented by **CHESTER KELLER**
*TERMINATED: 10/17/2002*                OFFICE OF FEDERAL PUBLIC
*also known as*                         DEFENDER
RONALD GREEN                            972 BROAD STREET
                                        NEWARK, NJ 07102
                                        (973) 645-6347
                                        Email: chester_keller@fd.org
                                        *TERMINATED: 10/17/2002*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Public Defender or*
                                        *Community Defender Appointment*

                                        **MYRON BELDOCK**
                                        Beldock Levine & Hoffman
                                        99 Park Ave.
                                        New York, NY 10016
                                        212-490-0400
                                        *TERMINATED: 10/17/2002*
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Designation: Retained*

### Pending Counts                      ### Disposition

                                        Impr. 38mos. on each of cts. 1 & 2, to
                                        be served concurrently w/each other
21:846 CONSPIRACY TO POSSESS            and w/the term imposed in Cr. 02-149.
WITH INTENT TO DISTRIBUTE               Supervised Release 5yrs. on ct. 1 &
MARIJUANA                               3yrs. on ct. 2, to run concurrently
(1s)                                    w/each other and concurrently w/the
                                        term of supervised release imposed in
                                        Cr. 02-149. Total Fine $10,000; $5,000
                                        on ct. 1 & $5,000 on ct. 2.

                                        Impr. 38mos. on each of cts. 1 & 2, to

Certified as a true copy on
This Date: 9/8/06
By _____
( ) Clerk
( x ) Deputy

18:1956(h) MONEY LAUNDERING -
Through financial transactions which
involved proceeds of unlawful activiity,
namely, currency from the sale of
marihuana.
(2s)

be served concurrently w/each other
and w/the term imposed in Cr. 02-149.
Supervised Release 5yrs. on ct. 1 &
3yrs. on ct. 2, to run concurrently
w/each other and concurrently w/the
term of supervised release im posed in
Cr. 02-149. Total Fine $10,000; $5,000
on ct. 1 & $5,000 on ct. 2.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

21:846=MD.F CONSPIRACY TO
DISTRIBUTE & POSS W/INTENT TO
DIST. MARIJUANA (21:841(a)(1))
(1)

**Disposition**

Dismissed.

## Highest Offense Level (Terminated)

Felony

## Complaints

None

**Disposition**

## Plaintiff

**USA**
*TERMINATED: 10/17/2002*

represented by **CHARLES B MCKENNA**
US ATTORNEY'S OFFICE
970 BROAD STREET
ROOM 700
NEWARK, NJ 07102
(973) 645-2700
Email: charles.mckenna@usdoj.gov
*TERMINATED: 10/17/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/1996 | 1 | SEALED INDICTMENT as to DAVID KAPLAN (1) count(s) 1 (mgr) (Entered: 03/04/1996) |
| 02/22/1996 | | **Added Government Attorney CHARLES B MCKENNA as to DAVID KAPLAN (mgr) (Entered: 03/04/1996) |
| 02/22/1996 | | ARREST WARRANT issued as to DAVID KAPLAN (mgr) (Entered: |

|  |  | 03/04/1996) |
|---|---|---|
| 02/22/1996 | 3 | SEALING ORDER until arrest as to DAVID KAPLAN ( Signed by Mag. Judge Dennis M. Cavanaugh ) (mgr) (Entered: 03/04/1996) |
| 02/26/1996 | 2 | NOTICE OF ALLOCATION AND ASSIGNMENT Newark ( before Judge John W. Bissell ) (mgr) (Entered: 03/04/1996) |
| 05/15/2000 |  | ORDER Unsealing Indictment as to DAVID KAPLAN (th) (Entered: 05/16/2000) |
| 05/15/2000 |  | ARREST of DAVID KAPLAN (th) (Entered: 05/16/2000) |
| 05/15/2000 | 4 | Minutes of 5/15/00 before Mag. Judge Stanley R. Chesler as to DAVID KAPLAN, Initial Appearance held. Ordered Public Defender appointed for today only. Detention Hearing set for 2:00 5/18/00 for DAVID KAPLAN ; (Defendant informed of rights.) (Court Reporter/ESR: tape) (th) (Entered: 05/16/2000) |
| 05/15/2000 | 5 | ORDER OF DETENTION as to DAVID KAPLAN ( Signed by Mag. Judge Stanley R. Chesler ) (th) (Entered: 05/16/2000) |
| 05/15/2000 | 6 | CJA 23 FINANCIAL AFFIDAVIT Deft declined to sign w/o consulting counsel. (th) (Entered: 05/16/2000) |
| 05/15/2000 |  | **Added for DAVID KAPLAN Attorney CHESTER KELLER (it) (Entered: 05/23/2000) |
| 05/18/2000 | 10 | Minutes of 5/18/00 before Mag. Judge Stanley R. Chesler as to DAVID KAPLAN, Detention hearing held. Ordered deft. remain in Detention. OTBS. (Court Reporter/ESR: Tape) (it) (Entered: 05/25/2000) |
| 05/22/2000 | 7 | NOTICE of Appearance for DAVID KAPLAN by Attorney MYRON BELDOCK (it) (Entered: 05/24/2000) |
| 05/22/2000 | 8 | Minutes of 5/22/00 before Judge John W. Bissell as to DAVID KAPLAN, Hearing on application to admit Myron Beldock, Esq. pro hac vice , Ordered application granted. Arraignment Held. Defendant(s) pleads Not Guilty to Indictment. Motion Filing set for 9/11/00 for DAVID KAPLAN ; Trial with jury set for 10/18/00 for DAVID KAPLAN ; Responses to Motions due 9/22/00 Motion Return Date 10/2/00 , Ordered remanding deft (Court Reporter/ESR: IR) (it) (Entered: 05/24/2000) |
| 05/22/2000 | 9 | Order for Discovery and Inspection. ( signed by Judge John W. Bissell ) (it) (Entered: 05/24/2000) |
| 05/25/2000 | 12 | ORDER as to DAVID KAPLAN Detention Order filed. ( Signed by Mag. Judge Stanley R. Chesler ) (me) (Entered: 06/05/2000) |
| 05/26/2000 | 11 | ORDER as to DAVID KAPLAN, to Continue in Interests of Justice Time Excluded from 5/24/00 to 8/11/00 in computing time under STA. , Government provided discovery due for 6/5/00 for DAVID KAPLAN , set motion filing deadline for 9/11/00 for DAVID KAPLAN , Government Response to motions no later than 9/22/00 and returnable |

| | | 10/2/00 ( Signed by Judge John W. Bissell ) (jn) (Entered: 05/30/2000) |
|---|---|---|
| 12/04/2000 | 13 | ORDER as to DAVID KAPLAN, to Continue in Interests of Justice Time Excluded from 11/30/00 to 1/29/01 in computing time under STA. ( Signed by Judge John W. Bissell ) (jn) (Entered: 12/04/2000) |
| 01/05/2001 | 14 | WAIVER OF INDICTMENT by DAVID KAPLAN (it) (Entered: 01/10/2001) |
| 01/05/2001 | 15 | INFORMATION as to DAVID KAPLAN (1) count(s) 1s, 2s (it) (Entered: 01/10/2001) |
| 01/05/2001 | 16 | Minutes of 1/5/01 before Judge John W. Bissell as to DAVID KAPLAN, Guilty: DAVID KAPLAN (1) count(s) 1s, 2s of Information , set Sentencing for 2:00 5/14/01 for DAVID KAPLAN , Ordered remanding deft (Court Reporter/ESR: IR) (it) (Entered: 01/10/2001) |
| 01/05/2001 | 17 | Plea Agreement as to DAVID KAPLAN (it) (Entered: 01/10/2001) |
| 01/05/2001 | 18 | Application for permission to enter Plea of guilty by DAVID KAPLAN (it) (Entered: 01/10/2001) |
| 10/15/2002 | 19 | Minutes of 10/15/02 before Chief Judge John W. Bissell as to DAVID KAPLAN, Hearing on govt's application for a downward departure , Ordered application granted. Sentencing held. DAVID KAPLAN (1) count(s) 1s, 2s of Information (Court Reporter/ESR: IR) (it) (Entered: 10/17/2002) |
| 10/15/2002 | 21 | FORFEITURE ORDER as to DAVID KAPLAN ( Signed by Chief Judge John W. Bissell ) (it) (Entered: 10/17/2002) |
| 10/16/2002 | 22 | NOTICE of FORFEITURE by USA as to DAVID KAPLAN (it) (Entered: 10/21/2002) |
| 10/17/2002 | 20 | JUDGMENT DAVID KAPLAN (1) count(s) 1s, 2s of Information. Impr. 38mos. on each of cts. 1 & 2, to be served concurrently w/each other and w/the term imposed in Cr. 02-149. Supervised Release 5yrs. on ct. 1 & 3yrs. on ct. 2, to run concurrently w/each other and concurrently w/the term of supervised release imposed in Cr. 02-149. Spec. conditions; 1. deft. refrain from the illegal possession and/or use of drugs, etc. 2. deft. provide the Prob. Office w/full disclosure of his financial records, etc. 3. deft. to fully cooperate w/IRS, etc. 4. deft. is prohibited from incurring any new credit charges, etc. Total Fine $10,000; $5,000 on ct. 1 & $5,000 on ct. 2. , Forfeiture of the property listed on the consent Forfeiture Order executed and filed on Oct. 15, 2002. Spec. Assessment $200 total. Court recommends FPC Lompoc. DAVID KAPLAN (1) count(s) 1 of Indictment Dismissed. Ordered deft. remanded. (signed by Chief Judge John W. Bissell ) party DAVID KAPLAN (it) (Entered: 10/17/2002) |
| 10/17/2002 | | **Case closed as to DAVID KAPLAN (all defendants). party USA, party DAVID KAPLAN (it) (Entered: 10/17/2002) |
| 10/17/2002 | | **Procedural Interval start P9 as to DAVID KAPLAN (1) count(s) 1 (it) (Entered: 10/17/2002) |

| 12/03/2002 | 23 | WRIT of Execution returned. Date of Service 11/21/02. (it) (Entered: 12/12/2002) |
|---|---|---|
| 12/29/2002 | 24 | DECLARATION OF CHARLES B. MCKENNA IN SUPPORT OF A FINAL ORDER OF FORFEITURE & FINAL ORDER OF FORFEITURE as to DAVID KAPLAN ( Signed by Chief Judge John W. Bissell ) (it) (Entered: 01/02/2003) |
| 04/05/2005 | ❑25 | SATISFACTION OF JUDGMENT by USA (SILBERMANN, JOHN) (Entered: 04/05/2005) |
| 10/17/2005 | ❑26 | SATISFACTION OF JUDGMENT by USA (SILBERMANN, JOHN) (Entered: 10/17/2005) |
| 10/19/2005 | ❑27 | SATISFACTION OF JUDGMENT *Amended* by USA (SILBERMANN, JOHN) (Entered: 10/19/2005) |
| 10/25/2005 | ❑ | CLERKS OFFICE QUALITY CONTROL MESSAGE - The Satisfaction of Judgment submitted by John Silbermann on 10/17/05 and 10/19/05 appear to be duplicates. These submissions will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. (nc, ) (Entered: 10/25/2005) |
| 02/10/2006 | ❑28 | SATISFACTION OF JUDGMENT by USA (NOBLE, YANET) (Entered: 02/10/2006) |

CBMcK
USAO 9600608

CR 06 0629 JSW

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :    Criminal No. 96-108 (JW 3)

FEB 2 2 1996

v.

At 8:30 ........:.M
WILLIAM T. WALSH,
CLERK

DAVID KAPLAN, a/k/a
Ronald Green

21 U.S.C. §§ 846, 841(a)(1)

**INDICTMENT**

The Grand Jury in and for the District of New Jersey,
sitting at Newark, charges:

From at least as early as September, 1992, until in or
about July, 1994, at Princeton, in the District of New Jersey and
elsewhere, the defendants

DAVID KAPLAN, a/k/a Ronald Green

did knowingly and intentionally combine, conspire, confederate
and agree with others to distribute and to possess with intent to
distribute more than 1,000 kilograms of marihuana, a Schedule I
controlled substance, contrary to the

Certified as a true copy on
This Date: 2/8/06
By _____
( ) Clerk
( X ) Deputy

provisions of Title 21, United States Code, Section 841(a)(1) as
hereinafter set forth.

A TRUE BILL

FOREPERSON

FAITH S. HOCHBERG
United States Attorney

No._____

# United States District Court

## District of New Jersey

---

THE UNITED STATES OF AMERICA

vs.

DAVID KAPLAN, a/k/a
RONALD GREEN, and
DAVID REZINIANO, a/k/a Reggie

---

# INDICTMENT FOR

21 U.S.C. § 846, 841(a)(1)

---

A True Bill,

_Foreman_

---

FAITH S. HOCHBERG

_U.S. Attorney_

USA-48-AD
(Ed. 8-1-98)      FTS—88—9-38-70—1086—8181

BY:    CHARLES B. MCKENNA, AUSA

FILED

*15*

JAN  5 2001

USAO 9600608
CBM/cbm

AT 8:30................ M
WILLIAM T. WALSH
CLERK

JSV

CR 06-629

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 96-108(JWB) |
| | : | |
| v. | : | 21 U.S.C. § 846 |
| | : | 18 U.S.C. §§ 1956(h), 982 |
| DAVID KAPLAN, a/k/a "Ron | : | |
| Green" | : | **SUPERSEDING INFORMATION** |

The defendant having waived in open court prosecution
by indictment as well as any objections to venue, the United
States Attorney for the District of New Jersey charges:

## COUNT ONE

From at least as early as June, 1988 to on or about
January 1, 1998, in Hudson County, in the District of New Jersey
and in the Eastern District of New York and elsewhere, the
defendant

DAVID KAPLAN,
a/k/a "Ron Green"

did knowingly and intentionally conspire and agree with others to
distribute and to possess with intent to distribute more than
1,000 kilograms of marihuana, a Schedule I controlled substance,
contrary to the provisions of Title 21, United States Code,
Section 841(a)(1).

In violation of Title 21, United States Code, Section
846.

Certified as a true copy on
This Date: 9/8/06
By _____
(  ) Clerk
(  ) Deputy

## COUNT TWO

From at least as early as June, 1988 to on or about January 1, 1998, in Hudson County, in the District of New Jersey and in the Eastern District of New York and elsewhere, the defendant

DAVID KAPLAN,
a/k/a "Ron Green"

did knowingly and wilfully conspire and agree with others to conduct financial transactions, which in fact involved the proceeds of specified unlawful activity, namely currency from the sale of marihuana, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, namely the distribution of marihuana, with the intent to promote the carrying on of the specified unlawful activity, namely the distribution of marihuana, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

In violation of Title 18, United States Code, Section 1956(h).

## MONEY LAUNDERING FORFEITURE

1. The allegations set forth in Count 2 of this Information are repeated and realleged as if fully set forth herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction, the defendant, DAVID KAPLAN, a/k/a, "Ron Green," shall forfeit to the United States all right, title, and interest on any and all property, real and personal, involved in transactions in violation of Title 18, United States Code, Section 1956, and all property traceable to such property, including the following:

a. $8,879.00 in United States Currency recovered from David Kaplan at the time of his arrest.

b. A check in the amount of $199,874.54 representing the proceeds from the sale of gold coins purchased with the proceeds of illegal activity.

c. 40 gold coins in the possession of the Federal Bureau of Investigation, recovered from the apartment where David Kaplan was staying at the time of his arrest.

d. All right title and interest to a parcel of land with improvements in Kipahulu, Hawaii, being approximately 12.492 acres and containing five structures, more particularly described on tax map key, Division 2; Zone 1; Section 6; Plat 009; Parcel 013.

e. All right title and interest to a parcel of land with improvements at 560 Piiholo Road, Makawao, Hawaii, being approximately 17.24 acres and containing improvements, more particularly described on tax map key, Division 2; Zone 1; Section 4; Plat 013; Parcel 043.

f. All right title and interest in the proceeds contained in safe deposit box No. 18 located at the Hotel Beau Rivage, 1201 Geneve, Geneva Switzerland in the name of Russell Karaviotis and David Neihaus, which proceeds are presently being held by Swiss authorities.

g. Monies owed to David Kaplan from (i) Patrick Bayard (approximately $1,600,000.00); (ii) Yudan Toledano and Jeffrey Kagel (approximately $2,000,000.00); and (iii) Ernst Von Lixfeld and Stolp Fraser.

3. If by any act or omission of the defendant any of the property subject to forfeiture described in paragraph 2 herein-

a. cannot be located upon the exercise of due diligence,

b. has been transferred or sold to, or deposited with, a third party,

c. has been placed beyond the jurisdiction of the court,

d. has been substantially diminished in value, or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property described above in paragraph 2.

All in violation of Title 18, United States Code, Section 982.


ROBERT J. CLEARY
United States Attorney

/7



**U.S. Department of Justice**

**FILED**

JAN  5 20()

*United States Attorney*   AT 8:30 .............· M
*District of New Jersey*   WILLIAM T. WALSH
CLERK

970 Broad Street, Suite 700
New Jersey 07102
CR 06

(973)645-27~
0629

[CBM/cbm]

August 5, 2000

Myron Beldock, Esq.
Beldock Levine, & Hoffman LLP
99 Park Avenue
New York, New York   10016

Re: Plea Agreement with David Kaplan    Cr 96-108

Dear Mr. Beldock:

This letter sets forth the full and complete agreement
between David Kaplan and the United States Attorney for the
Districts of New Jersey and the Eastern District of New York.

## Charge

Conditioned on the understandings specified below, the
United States will accept a guilty plea from David Kaplan to a
Two Count Superseding Information charging him in Count One with
conspiring to distribute and possess with the intent to
distribute more than 1,000 kilograms of marihuana during the
period from at least as early as June, 1988 to in or about
January 1, 1998 contrary to Title 21, United States Code, Section
841, in violation of Title 21 United States Code, 846; and
charging him in Count Two with conspiracy to engage in monetary
transactions using the proceeds derived from specified unlawful
activity contrary to Title 18, United States Code, Section
1956(a)(1)(A)(i), in violation of Title 18, United States Code,
Section 1956(h).  If David Kaplan enters a guilty plea and is
sentenced on these charges, the United States Attorneys for the
Districts of New Jersey and the Eastern District of New York will
not bring any further charges against David Kaplan relating to
his marihuana distribution activities during the period January,
1988 to January 1, 1998, nor will they bring any further charges
relating to the scheme to launder drug proceeds that is the
subject matter of the Information.  This agreement not to bring
any further criminal charges against David Kaplan is further
limited to that criminal activity which David Kaplan has m Certified as a true copy on
This Date: 9/8/06
By
(    ) Clerk
( ✗ ) Deputy

this office aware as of the date of this agreement. Finally at the time of sentencing, the United States will move to dismiss the Indictment, Crim. No. 96-108 (JWB) as against David Kaplan.

## Forfeiture

David Kaplan agrees that as part of his acceptance of responsibility and pursuant to Title 18, United States Code, Section 982, he will forfeit to the United States all items which were involved in the aforesaid offenses in violation of 18 U.S.C. § 1956 described above and traceable to such property, including, but not limited to, the following:

a. $8,879.00 in United States Currency recovered from David Kaplan.

b. A check in the amount of $199,874.54 representing the proceeds from the sale of gold coins purchased with the proceeds of illegal activity.

c. 40 gold coins in the possession in the Federal Bureau of Investigation, recovered from the apartment where David Kaplan was staying.

d. All right title and interest to a parcel of land with improvements in Kipahulu, Hawaii, being approximately 12.492 acres and containing five structures, more particularly described on tax map key, Division 2; Zone 1; Section 6; Plat 009; Parcel 013. In lieu of forfeiture, David Kaplan may remit to the United States, the purchase price from the sale of this parcel of land, provided the United States provides prior approval of the sale which approval it may withhold for any or no reason.

e. All right title and interest to a parcel of land with improvements at 560 Piiholo Road, Makawao, Hawaii, being approximately 17.24 acres and containing improvements, more particularly described on tax map key , Division 2; Zone 1; Section 4; Plat 013; Parcel 043.

f. The proceeds of a safe deposit box No. 18 located at the Hotel Beau Rivage, 1201 Geneve, Geneva Switzerland in the name of Russell Karaviotis and David Neihaus, which proceeds are presently being held by Swiss authorities.

g. Monies owed to David Kaplan from Patrick Bayard (approximately $1,600,000.00); Yudan Toledano and Jeffrey Kagel (approximately $2,000,000.00); Ernst Von Lixfeld and Stolp Fraser.

## Cooperation

David Kaplan shall cooperate fully with this Office.
As part of that obligation, David Kaplan shall truthfully
disclose all information concerning all matters about which this
Office and other Government agencies designated by this Office
may inquire and shall not commit or attempt to commit any
additional crimes.  David Kaplan also agrees to be available at
all reasonable times requested by representatives of the
Government and shall truthfully testify in all proceedings,
including grand jury and trial proceedings, as to any subject
about which he is questioned.  Furthermore, David Kaplan agrees
to provide to this Office, upon request, all documents and other
materials relating to matters about which this Office inquires.
Full cooperation includes participating, if requested, in
affirmative investigative techniques, such as making telephone
calls, tape recording conversations, and introducing law
enforcement officials to other individuals.  All such activity
by David Kaplan must be conducted only at the express direction
and under the supervision of this Office and federal law
enforcement personnel.

Should David Kaplan withdraw from this agreement or
commit or attempt to commit any additional federal, state, or
local crimes, or should it be established that David Kaplan has
intentionally given materially false, incomplete, or misleading
testimony or information or otherwise has violated any provision
of this agreement, this Office will be released from its
obligations under this agreement but David Kaplan may not
withdraw the guilty plea entered into pursuant to this agreement.
In such a case, David Kaplan shall thereafter be subject to
prosecution for any federal criminal violation of which this
Office has knowledge, including, but not limited to, perjury and
obstruction of justice.  Any such prosecution may be premised
upon any information provided, or statements made, by David
Kaplan, and all such information, statements, and leads therefrom
may be used against David Kaplan.  Moreover, any such prosecution
that is not time-barred by the applicable statute of limitations
on the date this agreement is signed by David Kaplan may be
commenced and David Kaplan agrees to waive any statute of
limitations that would otherwise expire after David Kaplan signs
the agreement.  With respect to any such prosecution, David
Kaplan further waives any right to claim that statements made by
him before or after the execution of this agreement, including
any statements made pursuant to any prior agreement between David
Kaplan and this Office, or any leads from David Kaplan's
statements, should be suppressed under that prior agreement or
under Fed. R. Evid. 410, Fed. R. Crim. P. 11(e)(6), U.S.S.G. §
1B1.8, or otherwise.

## Sentencing

The violation of 21 U.S.C. § 846 charged in Count One of the Information to which David Kaplan agrees to plead guilty carries a statutory minimum sentence of ten years and a maximum sentence of life imprisonment and a statutory maximum fine of $4,000,000 or twice the gross profits or other proceeds to David Kaplan. The violation of 18 U.S.C. 1956(h) charged in Count Two of the Information carries a statutory maximum penalty of 20 years' imprisonment and a $500,000 fine. Pursuant to 18 U.S.C. § 3571, the sentencing judge may impose an alternative fine of up to $250,000 or twice the gross profits to David Kaplan or gross loss to any victims of this offense. The Sentencing Guidelines may impose a minimum term of imprisonment and/or fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on David Kaplan, the sentencing judge: (1) will order David Kaplan to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order David Kaplan to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order David Kaplan, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 21 U.S.C. § 841, may require David Kaplan to serve a term of supervised release of at least 5 years on Count One of the Information and pursuant to 18 U.S.C. § 3583 and §5D1.2 of the Sentencing Guidelines, may require David Kaplan to serve a term of supervised release of least 2 years and up to 3 years on Count Two of the Information, which will begin at the expiration of any term of imprisonment imposed on Count Two of the Information. Should David Kaplan be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, David Kaplan may be sentenced to a term of 5 years on Count One of the Information and to not more than 2 years' imprisonment on Count Two of the Information in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above, and may be sentenced to an additional term of supervised release.

The sentence to be imposed upon David Kaplan is within the sole discretion of the sentencing judge. This Office cannot and does not make any representation or promise as to what guideline range will be found applicable to David Kaplan, or as to what sentence David Kaplan ultimately will receive. Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on David Kaplan by the sentencing judge and to provide the sentencing judge and the U.S. Probation Office all other law and information relevant to sentencing, favorable

or otherwise, including information provided by David Kaplan before and after signing this agreement. In addition, this Office will inform the sentencing judge and the U.S. Probation Office of: (1) this agreement; (2) the full nature and extent of David Kaplan's activities and relevant conduct with respect to this case; and (3) the full nature and extent of David Kaplan's cooperation with this Office and when such cooperation commenced.

The determination whether David Kaplan has fully complied with this agreement and provided substantial assistance to the Government rests solely in the discretion of this Office. If this Office determines in its sole discretion that David Kaplan has fully complied with this agreement and has provided substantial assistance in the investigation or prosecution of one or more persons who have committed offenses, this Office: (1) will move the sentencing judge, pursuant to Section 5K1.1 of the Sentencing Guidelines, to depart from the otherwise applicable guideline range; and (2) may move the sentencing judge, pursuant to 18 U.S.C. § 3553(e), to depart from any applicable statutory minimum sentence. Whether the sentencing judge does in fact impose a sentence below the otherwise applicable guideline range or statutory minimum sentence is a matter committed solely to the discretion of the sentencing judge. David Kaplan may not withdraw his plea if this Office determines that David Kaplan has not rendered substantial assistance or has not fully complied with the terms of this agreement, or if the Court refuses to grant the Government's motion for a downward departure.

This Office specifically reserves the right to take any position in post-sentencing motions or proceedings and to appeal, or to oppose any appeal of, David Kaplan's sentence, except as provided in paragraphs 9 and 10 of the attached stipulations.

Stipulations

This Office and David Kaplan agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding

shall not release either this Office or David Kaplan from any other portion of this plea agreement, including any other stipulation. These stipulations do not restrict the government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Other Provisions

This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, or any third party) from initiating or prosecuting any civil proceeding against David Kaplan.

This agreement is limited to the United States Attorneys' Offices for the Districts of New Jersey the Eastern District of New York and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement and David Kaplan's cooperation to the attention of other prosecuting offices, if requested by David Kaplan to do so.

This agreement constitutes the full and complete agreement between David Kaplan and the United States Attorneys' Offices for the Districts of New Jersey the Eastern District of New York and supersedes any previous agreement between them save for the separate agreement between the United States Attorney's Office for the Eastern District of New York and David Kaplan relating to the disposition of Indictment, Crim. No. 90-502 (S-2)(RDW)(EDNY). No additional promises, agreements, or conditions have been entered into other

than those set forth in this letter, and none will be entered
into unless in writing and signed by the parties.

Very truly yours,

ROBERT J. CLEARY
United States Attorney
District of New Jersey

By: Charles B. McKenna
Assistant U.S. Attorney

APPROVED:

John Azzarello
Deputy Chief, Criminal Division

LORETTA LYNCH
United States Attorney
Eastern District of New York

By: Burton T. Ryan, Jr.
Assistant U.S. Attorney

I have received this letter from my attorney, Myron
Beldock, Esq., I have read it, and I understand it fully.   I
hereby accept the terms and conditions set forth in the letter.
This constitutes the full agreement between the parties.   There
have been no additional promises or representations made to me by

any officials or employees of the United States Government or by
my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____          Date: *12/9/00*
David Kaplan

_____          Date: 12/9/00
Myron Beldock, Esq.

## PLEA AGREEMENT WITH DAVIS KAPLAN

### Schedule A

This Office and David Kaplan agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. The applicable guideline for Count One of the Information is § 2D1.1. The amount of Marihuana that comprises the relevant conduct in this matter is more than 1,000 kilograms but less than 3,000 kilograms. Accordingly, the appropriate Base Offense Level for Count One of the Information is 32. <u>See</u> 2D1.1(c)(4).

2. The applicable guideline for Count Two of the Information is § 2S1.1. Accordingly, the appropriate Base Offense Level for Count Two of the Information is 23.

3. Because the defendant knew that the funds involved in Count Two were the proceeds of the distribution of marihuana, the Base Offense Level for Count Two should be increased by 3 levels. <u>See</u> 2S1.1(b)(1).

4. Because the value of the funds was more than 2,000,000 but not more than $3,500,000, the Base Offense Level for Count Two should be increased by an additional 6 levels thereby yielding an Adjusted Base Offense Level for Count Two of the Information of 32.

5. Pursuant to 3D1.1 of the Sentencing Guidelines, the Offenses in Counts One and Two of the Information should be grouped. Because there is no difference between the Adjusted Base Offense Levels for Count One (32) and Count Two (32) two Units are assessed thereby adding two levels yielding an Adjusted Base Offense Level of 34.

6. As of the date of this agreement, David Kaplan has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. This results in a decrease of 2 levels, pursuant to U.S.S.G. § 3E1.1(a), if David Kaplan's acceptance of responsibility continues through the date of sentencing.

7. As of the date of this agreement, David Kaplan has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If the offense level is 16 or greater, this results in an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless David Kaplan indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

8.    In accordance with the above, the applicable guidelines total offense level is 31.

9.    David Kaplan knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing--including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255--that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than the stipulated offense level set forth in paragraph 8, above. The government will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than the stipulated offense level set forth in paragraph 8, above.  These prohibitions are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, any appeal, motion or writ that challenges the sentence David Kaplan receives, or the manner in which it was determined, and that is not barred by these prohibitions, will be limited to that portion of the sentencing calculation that is inconsistent with or not addressed by this sentencing stipulation.

10.    Both parties reserve the right to oppose any appeal, writ, or motion brought pursuant to the preceding paragraph.   If the sentencing judge has rejected a stipulation, both parties specifically reserve the right to argue in opposition that the sentencing court was within its discretion and authority in doing so.

AO 245 B (Rev. 03/01) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

**FILED**

CR  06    06**29** JSW

UNITED STATES OF AMERICA

v.

Case Number    Cr. 96-108(01)

DAVID KAPLAN, a/k/a "Ron Green"

Defendant.

**ENTERED**
on
**THE DOCKET**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

on  10-17  ~~19~~ 2002
WILLIAM T. WALSH, CLERK
By _____
(Deputy Clerk)

The defendant, DAVID KAPLAN, a/k/a "Ron Green", was represented by Myron Beldock, Esquire.

On motion of the United States the Court has dismissed the indictment filed on February 22, 1996.

The defendant pled guilty to Counts One and Two of the Superseding Information on January 5, 2001. Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute and Posses with Intent to Distribute more than 1,000 Kilograms of Marihuana | 6/88 - 1/98 | One |
| 18:1956(h) | Money Laundering | 6/88 - 1/98 | Two |

As pronounced on October 15, 2002, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for counts One and Two, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __16th__ day of October, 2002.

JOHN W. BISSELL
Chief United States District Judge

Defendant's SSN: 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
Defendant's Date of Birth: 07/14/52
Defendant's address: Kipahulu, Hawaii

Certified as a true copy on
This Date: 9/8/06
By _____
( ) Clerk
( X ) Deputy

Judgment--Page 3 of 6

Defendant: DAVID KAPLAN, a/k/a "Ron Green"
Case Number: Cr. 96-108(01)

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of terms of 5 years on Count One and 3 years on Count Two, to run concurrently with each other and concurrently with the term of supervised release imposed in Cr. 02-149(01).

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page):

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It shall be a condition of supervised release that the defendant pay the fine and special assessments imposed by this judgment that remains unpaid at the commencement of the term of supervised release. In the event the fine is not paid prior to the commencement of supervision, the defendnat shall satisfy the amount due in monthly installments of no less than $200, to commence 30 days after release from confinement.

and shall comply with the following additional conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, if directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and to timely file all future returns that come due during the period of supervised release or probation. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or forfeiture obligation or otherwise has the express approval of the Court.

Judgment--Page 4 of 6

Defendant: DAVID KAPLAN, a/k/a "Ron Green"
Case Number: Cr. 96-108(01)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page 5 of 6

Defendant: DAVID KAPLAN, a/k/a "Ron Green"
Case Number: Cr. 96-108(01)

**FINE**

The defendant shall pay a fine in the amount of $10,000.

This amount is the total of the fines imposed on individual counts, as follows:

$5,000 on Count One;
$5,000 on Count Two.

The fine is due immediately. Any balance of the fine that remains at the commencement of supervised release, plus any interest pursuant to 18 USC § 3612(f)(1), shall be paid in monthly installments of no less than $200, to commence 30 days after release from confinement.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 B (Rev. 03/01) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant: DAVID KAPLAN, a/k/a "Ron Green"
Case Number: Cr. 96-108(01)

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

The property listed on the consent Forfeiture Order executed and filed on October 15, 2002.